IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LINDA KAY RHODES ARTERBURY                                                              PLAINTIFF

vs.                                          Civil No. 4:17-cv-04042

CAROLYN W. COLVIN                                                                       DEFENDANT
Commissioner, Social Security Administration

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pending now before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 19. Defendant has responded to this Motion and raises no objections to this Motion. ECF No. 22.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to the Court for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

**1.     Background:**

Linda Kay Rhodes Arterbury ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for disability benefits. ECF No. 1. On October 24, 2018, Plaintiff's case was reversed and remanded pursuant to Sentence Four of 42 U.S.C. § 405(g). ECF No. 18.

On February 13, 2019, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA. ECF No. 19. With this Motion, Plaintiff requests an award of attorney's fees in the total amount of $3,773.00.[1] *Id.* Defendant responded to this Motion on February 27, 2019 and

---

[1] In her briefing, Plaintiff requests $3,675.00 ($196.00 hourly rate multiplied by 18.75 attorney hours). Upon review of Plaintiff's itemized statement, her requested amount is actually $3,773.00 ($196.00 hourly rate multiplied by 19.25 attorney hours). As discussed below Plaintiff did

raises no objections to Plaintiff's requested fees. ECF No. 22.

**2.    <u>Applicable Law:</u>**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee."..."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

---

not accurately set out the hours of service performed per year or the applicable hourly rate for each year.

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990). *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

**3.    Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF Nos. 17-18. Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA. ECF No. 22. The Court construes the lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $3,773.00 under the EAJA. ECF No. 19. This amount represents 19.25 attorney hours at an hourly rate of $196.00. This requested hourly rate for attorney work is authorized by the EAJA as long as the CPI-South Index justifies this enhanced rate for 2016-2019. *See* General Order 39. *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the

present action, only the hourly rates of $188.00 for work performed in 2016, $192.00 for work performed in 2017, and $196.00 for work performed in 2018-2019 are authorized. Thus, the Court recommends only those amounts be awarded.

The Court has reviewed Plaintiff's request for 19.25 hours of attorney work performed from 2016 until 2019 (1.0 hour from 2016; 1.75 hour from 2017; 15.5 hours from 2018; 1.0 hour from 2019). Defendant raises no objections to these requested hours. ECF No. 22. Upon review, the Court finds they are reasonable and should be granted.

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 130 S.Ct. 2521 (2010). ECF No. 22. *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See id.* 130 S.Ct. at 2528. Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

4.  <u>Conclusion:</u>

Based upon the foregoing, the Court recommends Plaintiff's Motion for Attorney's Fees (ECF No. 19) be **GRANTED**, and Plaintiff be awarded **$3,758.00.** This amount represents 1.0 hour of attorney work performed in 2016 at an hourly rate of $188.00; 1.75 hour of attorney work performed in 2017 at an hourly rate of $192.00; 15.50 hours of attorney work performed in 2018 at an hourly rate of $196.00; and 1.0 hour of attorney work performed in 2019 at an hourly rate of $196.00.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation**

in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

      ENTERED this 4th day of March 2019.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE